**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

MELISSA REINHART,

               Plaintiff,

v.

DODGE DATA AND ANALYTICS, LLC; DOES 1 to 15, *inclusive*,

               Defendants.

Case No.: 3:25-cv-01497-DMS-VET

**ORDER GRANTING JOINT MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE AND FACT DISCOVERY DEADLINE**

**[ECF No. 15]**

Before the Court is the Parties' Joint Motion to Continue the April 15, 2026 Mandatory Settlement Conference ("MSC") and the Fact Discovery Deadline ("Joint Motion"). ECF No. 15. The parties propose extending the MSC and fact discovery deadline by 60 days. *Id*. at 2. The parties explain that they "have been actively engaged in written discovery" but there have been some delays that have pushed out the scheduling of depositions. *Id*. at 2. For the reasons described below, the Court **GRANTS** the parties' Joint Motion.

## I.    <u>LEGAL STANDARD</u>

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P.

16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc.* (*In re W. States Wholesale Natural Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id*; *Adrian v. OneWest Bank, FSB*, 686 Fed. Appx. 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 Fed. Appx. 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 Fed. Appx. 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 661 (9th Cir. 2021). "If the moving party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same). Further, Civil Local Rule 16.1(b) requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b).

## II.    ANALYSIS

The Court's Scheduling Order was issued on August 21, 2025. ECF No. 11. In the Joint Motion, the parties describe some of the discovery efforts that have taken place to date including engaging in "written discovery and in meet-and-confer efforts aimed at resolving deficiencies in the parties' discovery responses." ECF No. 15 at 2. The Court

2

appreciates the parties' efforts to work together but emphasizes the importance of preventing any unnecessary delay. The main reason for the requested continuance seems to be the depositions of Defendant's corporate representatives who all have scheduling constraints. The Court understands it can be difficult to schedule depositions but encourages the parties to work together to get all depositions scheduled as soon as possible. The parties are only requesting a continuance of the MSC and the fact discovery deadline, so no other case management deadlines will be affected. Accordingly, the Court **GRANTS** the Joint Motion and **ORDERS** as follows:

1. The Court hereby **VACATES** the MSC set for April 15, 2026 and related deadlines.

2. The fact discovery deadline is **CONTINUED** from March 23, 2026 to **May 22, 2026**.

3. The Court **SETS** a Mandatory Settlement Conference ("MSC") by Zoom video conferencing for **July 30, 2026 at 9:30 a.m.** before Magistrate Judge Valerie E. Torres. By no later than **July 23, 2026**, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov.

4. All other deadlines in the Scheduling Order (ECF No. 11), including without limitation expert discovery deadlines, remain in effect.

**IT IS SO ORDERED.**

Dated: March 23, 2026

_____
Honorable Valerie E. Torres
United States Magistrate Judge

3

3:25-cv-01497-DMS-VET