# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MELISSA REINHART,

                    Plaintiff,

       v.

DODGE DATA AND ANALYTICS LLC,

                    Defendant.

Case No.:  3:25-cv-01497-DMS-VET

**ORDER GRANTING JOINT MOTION TO CONTINUE EXPERT DISCOVERY DEADLINES AND MOTION TO CONTINUE FACT DISCOVERY DEADLINES, AND ISSUING AMENDED SCHEDULING ORDER**

**[ECF Nos. 18, 21]**

On April 20, 2026, the parties filed their Joint Motion to Continue Expert Discovery Deadlines ("Joint Motion"). ECF No. 18. On May 1, 2026, the Court held a hearing on the Joint Motion. At the hearing, the parties jointly moved to continue the fact discovery deadline by an additional month to accommodate currently outstanding depositions. ECF No. 21.

After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, the Court **GRANTS** the parties' Joint Motion to Continue Expert Discovery Deadlines, **GRANTS** the parties' Joint Oral Motion to Continue the Fact Discovery Cutoff, and **ISSUES** the following Amended Scheduling Order:

1

3:25-cv-01497-DMS-VET

1.      All fact discovery shall be completed by all parties by **June 22, 2026**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2.      A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **July 30, 2026** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

a.      The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

b.      **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the

---

[1]   Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

3:25-cv-01497-DMS-VET

principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

c. **Confidential Settlement Brief.** No later than **seven (7) calendar days** before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

d. **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

e. **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov

---

[2]   The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3]   Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

3:25-cv-01497-DMS-VET

Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, professional attire, not be driving while speaking to the Court, or otherwise distracted).

3.      The parties shall designate their respective experts in writing by **June 22, 2026**. The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained experts. The parties shall designate rebuttal experts in writing by **July 6, 2026**. The written expert designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide, including any summary of facts and opinions required by Fed. R. Civ. P. 26(a)(2)(C). The designations shall also include the normal rates the expert charges for deposition and trial testimony.

4.      By **August 7, 2026**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. Any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

5.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **August 21, 2026**.

6.      All expert discovery shall be completed by all parties by **September 21, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

3:25-cv-01497-DMS-VET

7.     Failure to comply with any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8.     All pre-trial motions must be filed by **October 23, 2026**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9.     Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **January 22, 2027**.

10.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **January 22, 2027**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **January 29, 2027**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **February 5, 2027**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's

3:25-cv-01497-DMS-VET

counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and lodged with the assigned district judge by **February 12, 2027**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14.    The final Pretrial Conference is scheduled on the calendar of the Honorable Dana M. Sabraw on **February 19, 2027** at **10:30 a.m.**

15.    The trial is scheduled to start before the Honorable Dana M. Sabraw on **March 22, 2027** at **9:00 a.m.**

16.    The parties must review the chambers rules for the assigned district judge and magistrate judge.

17.    A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18.    The dates and times set forth herein will not be modified **except for good cause shown**.

19.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20.    Plaintiff shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  May 1, 2026

_____
Hon. Valerie E. Torres
United States Magistrate Judge

6

3:25-cv-01497-DMS-VET